Robert Marc Chemers, Esq. (Bar Number: 00431508)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Phone:        (312) 578-7548
Fax:           (312) 346-8242
Email:  rchemers @pretzel-stouffer.com

Attorneys for Plaintiff:
PEKIN INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **PEKIN INSURANCE COMPANY,** | |
| **Plaintiff,** | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| **v.** | |
| **PRO-SWEEP, LLC, an Arizona Limited Liability Company, JOHN W. McCRARY and ADAM R. HATFIELD,** | |
| **Defendants.** | |

Now comes the Plaintiff, Pekin Insurance Company, by and through its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Pro-Sweep, LLC, John W. McCrary and Adam R. Hatfield, alleges the following:

## JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration concerning insurance coverage.

**VENUE**

2.     Venue is premised upon 28 U.S.C. §1391(a) as the events which gave rise to the Plaintiff's claims occurred in this District, and the Defendants reside in this District.

**THE PARTIES**

3.     Pekin Insurance Company (hereinafter "Pekin") is an Illinois insurance corporation, which maintains its principal place of business in Pekin, Illinois, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Arizona and elsewhere.

4.     Pro-Sweep, LLC (hereinafter "Pro-Sweep") is an Arizona limited liability company with its principal place of business in Mesa, Arizona. James H. Christopher, a citizen of the State of Arizona and a resident of Mesa, Arizona, is the Manager, and JHC Resources L.L.P., an Arizona limited liability partnership, is the member. JHC Resources L.L.P. has three principals on record, namely, Christopher Family Trust under trust agreement dated December 1, 1998 located in Scottsdale, Arizona; James H. Christopher a resident of Scottsdale, Arizona and citizen of the State of Arizona; and James H. Christopher Revocable Trust under trust agreement dated September 1, 2008 which is located in Scottsdale, Arizona. The trustee of the James H. Christopher Revocable Trust is James H. Christopher described earlier as a resident and citizen of the State of Arizona, and the trustees of the Christopher Family Trust are Robert A. Christopher and Martha A. Christopher, each of whom is a citizen of the State of Arizona and a resident of

Scottsdale, Arizona.

5. John W. McCrary (hereinafter "McCrary") is an individual who is a citizen of the State of Arizona and a resident of Apache Junction, Arizona.

6. Adam R. Hatfield (hereinafter "Hatfield") is an individual who is a citizen of the State of Arizona and a resident of Mesa, Arizona.

## THE NOVEMBER 28, 2013 ACCIDENT

7. A motor vehicle accident occurred on November 28, 2013 in Phoenix, Arizona, on eastbound Interstate 10 near mile post 145, when the vehicle operated by McCrary, owned by Pro-Sweep, in which Hatfield was a passenger, and while they were each in the course and scope of their employment for Pro-Sweep, was rear-ended by another vehicle, which caused McCrary to lose control, the vehicle flipped over one or more times, and McCrary and Hatfield were ejected from the vehicle.

8. The operator of the rear-ending at fault vehicle was insured by American Family Mutual Insurance Company with a bodily injury liability limit of $25,000 per person and $50,000 per accident.

9. American Family Mutual Insurance Company made its policy limits available to McCrary and Hatfield, who then made claims to Pekin for underinsured motorist coverage benefits ("UIM") and workers compensation benefits.

10. Since shortly after the accident of November 28, 2013, Pekin has provided workers compensation benefits to McCrary and Hatfield and each of them since they were in the course and scope of their employment at the time of the aforesaid motor

vehicle accident, and Pekin has reserved the two workers compensation claims at a figure in excess of $1,200,000.

## THE PEKIN POLICIES

11. Pekin issued its policy of insurance numbered 00P674619 to Pro-Sweep as named insured. The policy provided for Business Auto Liability Insurance for the effective period of November 21, 2013 to May 1, 2014, with $1,000,000 in bodily injury liability limits, and UIM coverage of $1,000,000 per person and $1,000,000 each accident. A certified true and correct copy of the Pekin Business Auto policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

12. Pekin issued its policy of insurance numbered 00WC95317A to Pro-Sweep as named insured. The policy provided for Workers Compensation and Employers Liability Insurance for the effective period of May 1, 2013 to May 1, 2014. A certified true and correct copy of the Pekin Workers Compensation policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DOUBLE PAYMENT SHOULD BE REQUIRED)

13. Pekin adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 13 hereof as though the same were fully set forth herein.

14. Pekin contends that it has no duty or obligation to provide McCrary and Hatfield with UIM coverage benefits of up to $1,000,000 for the November 28, 2013 motor vehicle accident for the reason that Pekin has presently reserved the workers compensation claims of McCrary and Hatfield at in excess of $1,200,000 for injuries and

4

damages sustained in the work-related November 28, 2013 motor vehicle accident and for the following reasons:

 (a) A single insurer has issued a workers compensation policy and a business auto policy to the same insured employer, and Pekin should not be required to make a potential double payment to McCrary and Hatfield, the injured employees.

 (b) The Pekin business auto policy provides that if two Pekin policies offer coverage for the accident, then only one policy will apply.

 (c) Arizona Revised Statutes § 20-250.01.H. recognizes the potential application of the "two or more policies issued by us" provision in the Pekin business auto policy as precluding potential double payment.

 (d) Since Pekin has issued both a workers compensation policy and a business auto policy, to permit recovery by the employees under each policy is to stack the policies which is contrary to the Arizona underinsurance statute.

 (e) That McCrary and Hatfield are each entitled to be fully compensated for the injuries sustained in the November 28, 2013 accident, and that occurs through the receipt of workers compensation benefits provided by Pekin, and to require payment of UIM benefits as well requires Pekin to make a double payment and for McCrary and Hatfield to receive a double recovery.

 (f) The extent of an injured employee's recovery should not hinge on the fortuitous circumstance that the tortfeasor was minimally insured and not otherwise financially responsible, and the injured employees' workers compensation benefits will provide full compensation for the injuries sustained.

15. The above contentions of Pekin are, on information and belief, denied by McCrary and Hatfield who, in turn, contend that each is entitled to a double payment

5

because their employer maintained both workers compensation insurance and business auto insurance including UIM coverage benefits. Pekin, in turn, denies the contrary contentions of McCrary and Hatfield and each of them.

16. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Pekin Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Pekin Insurance Company has no duty or obligation to provide a double payment to John W. McCrary and Adam R. Hatfield in connection with compensation for damages sustained in the November 28, 2013 work-related motor vehicle occurrence.

B. That Pekin Insurance Company has no duty or obligation to provide underinsured motorist coverage benefits under its business auto liability policy issued to Pro-Sweep, LLC in connection with the

injuries sustained by John W. McCrary and Adam R. Hatfield in a work-related motor vehicle accident on November 28, 2013 as each will be fully compensated by workers compensation benefits paid and payable by Pekin Insurance Company.

C. That the Court grant Pekin Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

D. That Pekin Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Dated: July 16, 2014

Respectfully submitted:

By /s/ *Robert Marc Chemers*
Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:              (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com
*Attorneys for Plaintiff*
PEKIN INSURANCE COMPANY